# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-11175

United States Court of Appeals
Fifth Circuit

**FILED**

April 28, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICHARD RAY HARRIMON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:15-CV-152
USDC No. 7:07-CR-17-1

Before GRAVES, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Richard Ray Harrimon pleaded guilty to two counts of being a convicted felon in possession of a firearm and was sentenced, under the Armed Career Criminal Act (ACCA), to serve 188 months in prison. He filed the instant 28 U.S.C. § 2255 motion to challenge his sentence, which was grounded in a conclusion that his prior convictions for evading arrest by use of a vehicle qualified as violent felonies under the residual clause of the ACCA. Because

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-11175

the residual clause was deemed unconstitutionally vague in *Johnson v. United States*, 135 S. Ct. 2551 (2015), he argued, he was entitled to § 2255 relief.

The district court denied the motion based on jurisprudence from this court holding that *Johnson* was not available on collateral review. Harrimon then moved this court for a certificate of appealablity (COA) on the issue whether the district court erred by concluding that *Johnson* was not available on collateral review. After this COA motion was filed, the Supreme Court held that *Johnson* applies retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 2016 WL 1551144, 7-8 (U.S. April 18, 2016). Harrimon then filed an unopposed motion for expedited ruling on the COA motion, to summarily vacate the judgment of the district court, and to remand to the district court.

To obtain a COA, a movant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A movant satisfies this standard by showing that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

In light of *Welch*, Harrimon has met this standard. Additionally, his argument in favor of expedited consideration is persuasive. Accordingly, both of Harrimon's motions are GRANTED. The judgment of the district court is VACATED, and this case is REMANDED to the district court for further proceedings.